UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR ALMEIDA VALENZUELA, A-246-234-277<br>Petitioner,<br>v.<br>KRISTI NOEM, et al.,<br>Respondents. | No. 2:26-cv-01358-TLN-EFB (HC)<br><br>FINDINGS AND RECOMMENDATIONS (ECF No. 12) |

Petitioner is a noncitizen challenging his present detention in an immigration detention facility, seeking a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. This matter was referred to the undersigned pursuant to Local Rule 302(c)(17) and 28 U.S.C. § 636(b)(1)(B). ECF No. 6. Pending before the court is respondents' motion to dismiss or transfer the proceeding. ECF No. 12. For the reasons stated herein, the undersigned recommends the motion be denied.

**BACKGROUND**

Petitioner initiated this action on April 6, 2026, seeking a writ of habeas corpus under 28 U.S.C. § 2241, in which he alleges that he is a citizen and national of Mexico who is currently detained by respondents and whose detention violates his statutory and constitutional rights. ECF No. 1. The same day, he moved for appointment of counsel and to proceed in forma pauperis. ECF Nos. 2, 3. On April 15, 2026, the undersigned granted both motions and counsel was appointed on April 22, 2026. ECF Nos. 8, 10. On May 5, 2026, respondents moved to dismiss

the petition or, in the alternative, transfer the proceeding to the District of Arizona. ECF No. 12. Petitioner opposed the motion, on May 21, 2026, ECF No. 13, and respondents filed a reply the following day. ECF No. 14.

In their motion, respondents represent that petitioner filed a petition for writ of habeas corpus, on January 5, 2026, in the District of Arizona, *Almeida Valenzuela v. Bondi, et al.*, Case No. 2:26-cv-00044-SMB-JFM (D. Ariz. 2026). ECF No. 12 at 1 & Ex. 1. In it, he alleged that he was detained in Arizona and that his detention violates his rights to due process. *Id*. On January 13, 2026, the District Court for the District of Arizona ordered respondents to show cause why the petition should not be granted, and respondents filed a responsive pleading on January 21, 2026. *Id*. That petition remains pending. *Id*. Petitioner does not contest these factual representations. ECF No. 13 at 3. Petitioner further asserts that the District Court for the District of Arizona has issued no rulings in the case since issuing the order to show cause, *id*., which is confirmed by review of that court's docket. *See Almeida Valenzuela v. Bondi, et al.*, Case No. 2:26-cv-00044-SMB-JFM (D. Ariz. 2026). Petitioner represents that, after he filed his petition in the District of Arizona, respondents transferred him to the Golden State Annex, in this judicial district, ECF No. 13 at 3, which respondents do not dispute. ECF No. 14. After his transfer, he initiated the instant proceeding in this court, alleging that his current detention violates the Immigration and Nationality Act and his rights to due process. ECF No. 1.

**DISCUSSION**

As a matter of comity, a federal district court may "decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). The rule "applies when two cases involving 'substantially similar issues and parties' have been filed in different districts." *In re Bozic*, 888 F.3d 1048, 1051 (9th Cir. 2018) (*quoting Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015)). Thus, the court should considers three factors: (1) chronology of the filings, (2) similarity of the parties, and (3) similarity of the issues. *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015). This rule, however, should not be applied mechanically or rigidly;

rather, the court must be guided by "a view to the dictates of sound judicial administration." *Pacesetter*, 678 F.2d at 95. Rather, "[w]hen applying the first-to-file rule, courts should be driven to maximize "economy, consistency, and comity." *Kohn Law Grp.*, 787 F.3d at 1240; *see also Young v. L'Oreal USA, Inc.*, 526 F. Supp. 3d 700, 706 (N.D. Cal. 2021) (same).

Here, petitioner and respondents agree that the action in the District of Arizona was filed first, militating towards that court retaining jurisdiction. *See* ECF No. 12 at 13; ECF No. 13 at 7-8. The parties of the two actions, while not identical, are substantially the same: both actions involve the same petitioner and name as respondents Kristi Noem, Pamela Bondi, and Todd Lyons. *See* ECF No. 1 at 1; ECF No. 12, Ex. 1 at 1. The District of Arizona action additionally names as a respondent Luis Rosa, warden of the Arizona Florence Correctional Complex, who is not named as a respondent in the instant action. *Id*. Comparably, in the instant action, petitioner names as respondents Poly Kaiser, San Francisco Field Officer of Immigration and Customs Enforcement, and Tonya Andrews, Warden of the Golden State Annex, who are not named as respondents in the District of Arizona action. *Id*. Despite these differences, the parties are substantially similar in both actions, as there is more overlap than dissimilarities amongst the parties in the two actions. *See Kohn Law Grp.*, 787 F.3d at 1240-41 (collecting cases).

The issues between the two actions are also substantially similar. *See Kohn Law Grp.*, 787 F.3d at 1240. In the action filed in the District of Arizona, petitioner alleged that his confinement violated his right to due process as set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001), and sought habeas corpus relief under 28 U.S.C. § 2241. ECF No. 12, Ex. 1 at 2. In his petition in this court, petitioner also seeks habeas corpus relief pursuant to 28 U.S.C. § 2241, and alleges that his confinement violates his rights to procedural and substantive due process and his rights under the Immigration and Nationality Act, also invoking *Zadvydas*, 533 U.S. 678. ECF No. 1. These claims for relief, although not identical, contain "'substantial overlap,'" militating towards invocation of the first-to-file rule. *See Kohn Law Grp.*, 787 F.3d at 1240-41 (quoting *Harris Cnty., Tex. v. CarMax Auto Superstores Inc.,* 177 F.3d 306, 319 (5th Cir. 1999)).

Nonetheless, the interests of comity, consistency, and judicial economy are best served by this court retaining jurisdiction over the present action. As petitioner is detained in this

district and challenges his present confinement, his petition reflects a "core" habeas petition that falls squarely within this court's jurisdiction to act. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in . . . the district of confinement."). Dismissal or transfer of this action in favor of that filed in the District of Arizona would not serve the goals of judicial economy or consistency. Review of the docket in *Almeida Valenzuela v. Bondi, et al.*, Case No. 2:26-cv-00044-SMB-JFM (D. Ariz. 2026), reveals that the District of Arizona has entered no substantive orders with which this Court's ruling would conflict, and has taken no action on the case whatsoever since January 2026. *See Almeida Valenzuela v. Bondi, et al.*, Case No. 2:26-cv-00044-SMB-JFM (D. Ariz. 2026). Moreover, because petitioner asserts in this court a claim that his confinement violates his rights to substantive due process, implicating the conditions of his current confinement, *see Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004), this court's expertise in the conditions of the detention centers within this judicial district render it more judicially economical for the court to retain jurisdiction over petitioner's claims. Finally, given the substantial liberty interest at stake raised in both actions, judicial economy is ill served by dismissing or transferring the present matter in favor of that pending in the District of Arizona. *See David Jose C.R., v. Tonya Andrews*, No. 1:26-CV-05483-TLN-CKD, 2026 WL 2110871, at *2 (E.D. Cal. July 22, 2026) (concluding same); *Ismel A.F., v. Warden, Golden State Annex Detention Facility, et al.*, No. 1:26-CV-05243-TLN-SCR, 2026 WL 2070069, at *2 (E.D. Cal. July 17, 2026) (same). For all of these reasons, the undersigned recommends respondents' motion to dismiss or transfer be denied.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

(1) Respondents' Motion to Dismiss or Transfer (ECF No. 12) be DENIED; and

(2) Respondents be directed to file an Answer to the Petition within seven (7) days of the District Court's order adopting these Findings and Recommendations, and Petitioner may file a Traverse no later than three (3) days from service of the Answer.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 17, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE